UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAVID WAYNE WOODWORTH

    Defendant.

Criminal Action No. 12-cr-20116
Civil Action No. 14-cv-14325

HON. MARK A. GOLDSMITH

_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 (Dkt. 28) AND DENYING A CERTIFICATE OF APPEALABILITY**

**I. INTRODUCTION**

Before the Court is Defendant David Wayne Woodworth's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. (Dkt. 28). Defendant argues that his counsel was ineffective at both the trial and appellate levels. Def. Mot. at 6. Specifically, Defendant argues that his counsel failed to object when the Court did not allow Defendant to present the testimony of his drug counselor at sentencing, that his counsel failed to contact him regarding an appeal, and that his counsel subsequently did not timely file a notice of appeal on his behalf despite being alerted that Defendant was interested in appealing. Id. at 10-11. Defendant also argues that he timely filed a notice of appeal pro se that preserved his ability to appeal. Id. at 3-5.

The Court now denies Defendant's motion. Defendant filed his motion more than a year after the expiration of § 2255's one-year statute of limitations, and he has not shown that he is

1

entitled to equitable tolling of the limitations period. Accordingly, the Court need not reach the merits of Defendant's motion.

## II. BACKGROUND

On February 15, 2012, a federal grand jury indicted Defendant for violations of 21 U.S.C. §§ 846 and 841(a)(1), attempt to manufacture methamphetamine; 21 U.S.C. § 858, endangering human life while illegally manufacturing, or attempting to manufacture, methamphetamine; and 21 U.S.C. §841(c)(2), possession of a listed chemical knowing, or having reasonable cause to believe, that it would be used to manufacture methamphetamine. Indictment (Dkt. 1).

Defendant pleaded guilty to attempting to manufacture methamphetamine, pursuant to a Rule 11 plea agreement, and the government dismissed the other counts. Plea Agreement (Dkt. 17). The Court accepted the plea agreement and sentenced Defendant to 188 months in prison on October 16, 2012. (Dkt. 19). At sentencing, Defendant's counsel requested that the Court allow Defendant's drug counselor to speak on Defendant's behalf. Sentencing Tr. at 7 (Dkt. 25). The Court did not explicitly address this request,[1] and Defendant's counsel did not object. See generally id. Defendant alleges that, following sentencing, counsel "briefly discussed the option of appealing, effectively stating that he would be in contact with the Defendant to discuss" an appeal. Def. Mot. at 4. The Court entered judgment on October 22, 2012. (Dkt. 21).

In a sworn affidavit, Defendant states that on October 29, 2012, he gave a notice of appeal letter to the staff of the receiving center in which he waited for transfer to prison. Affidavit, Ex. A to Def. Mot., at 1 (cm/ecf page 15 of 34). The Court never received or docketed this letter. Defendant also alleges in the affidavit that his counsel "never attempted to contact"

---

[1] The Court did state that "in terms of presentations in court, the Court generally confines the presentations to the attorneys and the defendant and the victim." Sentencing Tr. at 10. However, this was not stated in direct reply to counsel's request regarding the drug counselor.

2

him, and that approximately four months after sentencing, Defendant "contacted [counsel] from [Defendant's] new location," and shared his "continuing desire to appeal." Id. at 2 (cm/ecf page 32 of 34). Defendant wrote the Court about starting the appeals process in a letter dated February 25, 2013; this letter was filed on the docket on March 1, 2013. (Dkt. 22).

The Sixth Circuit dismissed Defendant's direct appeal as untimely on October 16, 2013. (Dkt. 26). Defendant filed the instant motion to vacate, set aside, or correct his sentence on November 7, 2014.

### III. 28 U.S.C. § 2255 STANDARD

This motion is brought pursuant to 28 U.S.C. § 2255, which provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

To prevail on a § 2255 motion, "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." Humphress v. United States, 398 F.3d 855, 858 (6th Cir. 2005). Non-constitutional errors are generally outside the scope of § 2255 relief. See United States v. Cofield, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing "a fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." Watson v. United States, 165 F.3d 486, 488 (6th Cir. 1999) (internal citation omitted).

3

A court should grant a hearing to determine the issues and make findings of fact and conclusions of law on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No hearing is required if the Defendant's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Valentine v. United States, 488 F.3d 778, 782 (6th Cir. 2007) (quoting Arredondo v. United States, 178 F.3d 778, 782)). "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing § 2255 Cases, Rule 4(b).

A § 2255 motion has a one-year statute of limitations. 28 U.S.C. § 2255(f). This period begins on the date that a judgment against a defendant becomes final. 28 U.S.C. § 2255(f)(1). A district court judgment becomes final "upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed." Sanchez-Castellano v. United States, 358 F.3d 424, 427 (6th Cir. 2004). The period in which to appeal a district court judgment lasts for fourteen days after the entry of judgment. Fed. R. App. P. 4(b)(1). If the defendant timely appeals to the court of appeals, however, the judgment does not become final until the expiration of the 90-day period in which the defendant could have petitioned for certiorari to the Supreme Court. Clay v. United States, 537 U.S. 522, 532 (2003).

### IV. ANALYSIS

Defendant did not file his § 2255 motion until more than two years after this Court's judgment became final. The Court agrees with the Government and rejects, as untimely, Defendant's motion under 28 U.S.C. § 2255. A motion filed under § 2255 must be filed within

one year of the date on which a defendant's conviction became final.  28 U.S.C. § 2255(f)(1).[2] As a general matter, convictions become final upon conclusion of direct review.  <u>Sanchez-Castellana v. United States</u>, 358 F.3d 424, 426 (6th Cir. 2004).  Specifically, when a federal criminal defendant does not timely appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have timely appealed to the court of appeals.  <u>Id.</u>  That period is fourteen days where, as occurred here, a Rule 4(b)(4) motion alleging "excusable neglect or good cause" for Defendant's delay was neither made nor granted. <u>Id.</u> at 427; Fed. R. App. P. 4(b)(1)(a).  Notably, notwithstanding whether Defendant's claim regarding his attorney's behavior would have warranted relief, see <u>United States v. Peak</u>, 992 F.2d 39, 40 (4th Cir. 1993), such a claim does not call into question the finality of the judgment for purposes of § 2255's statute of limitations.  <u>See</u> <u>Portuondo-Gonzales v. United States</u>, 188 F.Supp.2d 715, 720-721 (W.D. Ky. 2011) (disregarding attorney's alleged failure to timely file requested notice of direct appeal when calculating the date of final judgment for § 2255 purposes).  Stated differently, the Court may only consider Defendant's excuse for his untimely notice of appeal pursuant to a timely filed § 2255 motion.  <u>Id.</u>

The judgment against Defendant was entered on October 22, 2012.  Given that Defendant did not timely move for an extension of time under Rule 4(b)(4), the time within which he could have filed his notice of appeal ended on November 5, 2012, and the judgment became final on that date.  Defendant, therefore, needed to file his § 2255 motion on or before November 5, 2013. Instead, Defendant waited roughly two years from the date his conviction became final, filing his motion on November 7, 2014 (Dkt. 28).  Accordingly, Defendant's § 2255 motion is untimely, and the Court denies it on this basis.

---

[2] There are certain bases for tolling the statute of limitations, but they do not apply to Defendant's case.  <u>See</u> 28 U.S.C. § 2255(f)(2)-(4).

Although Defendant failed to strictly comply with the one year statute of limitations period, the Court may consider whether the one-year statute of limitations should be equitably tolled. Holland v. Florida, 560 U.S. 631, 645 (2010). A habeas petitioner is entitled to equitable tolling only if he establishes that he has been "pursuing his rights diligently," and that "some extraordinary circumstance stood in his way and prevented timely filing." Id. at 649. This inquiry should be made on a case-by-case basis. Id. A petitioner bears the burden of showing his entitlement to equitable tolling. See id.

Defendant has not shown an entitlement to equitable tolling. In his initial motion, he failed to acknowledge — let alone excuse — his filing delay. Moreover, in its Response to Defendant's motion, the Government alerted Defendant to the untimeliness of his filing. Pl. Resp. at 2 (Dkt. 33). Nevertheless, and even though he obtained an extension of time in which to file a Reply (Dkts. 34, 35), Defendant did not file a Reply and at no point attempted to explain his delay. Finally, even giving Defendant the benefit of the doubt regarding his underlying claim (i.e., that he could not timely appeal due to trouble contacting his attorney during a tumultuous few weeks following the judgment), it simply does not follow that this circumstance explains his waiting over two full years before filing his § 2255 motion. See Holland, 560 U.S. at 651-652 (equitable tolling not warranted when attorney's alleged lapse constituted "garden variety claim of excusable neglect"). Accordingly, the Court cannot find that Defendant fell victim to an "extraordinary circumstance" that would justify equitable tolling. Defendant's motion is denied.

## VI. CERTIFICATE OF APPEALABILITY

Because Defendant's claim for relief lacks merit, the Court also denies a certificate of appealability. To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this

denial, the applicant is required to show that reasonable jurists could conclude that the petition should have been resolved in a different manner, or that the issues presented were adequate enough for encouragement to proceed further.  See Slack v. McDaniel, 529 U.S. 473, 483-484 (2000).  For the reasons stated above, the Court will deny Defendant a certificate of appealability because, based upon the undisputed facts controlling the issue of the statute of limitations, reasonable jurists could not find this Court's assessment of Defendant's claims debatable.

## VII. CONCLUSION

For the foregoing reasons, the Court denies Defendant's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Dkt. 28).

SO ORDERED.

Dated:  October 21, 2015                     s/Mark A. Goldsmith
            Detroit, Michigan                       MARK A. GOLDSMITH
                                                              United States District Judge


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 21, 2015.

                                            s/Karri Sandusky
                                            Case Manager